UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

MINNIE McCORD, individually )
and as next friend of L.M., )
and MATTHEW McCORD, ) Civil Action No.
) 5:16-CV-75-JMH
    Plaintiffs, )
)
v. ) **MEMORANDUM OPINION & ORDER**
)
BOARD OF EDUCATION OF FLEMING )
COUNTY, *et al.*, )
)
    Defendants.

**** **** **** ****

This matter is before the Court upon a number of motions, each addressed in turn below.

**I.**

Plaintiffs Minnie and Matthew McCord, each proceeding pro se, complain of a litany of abuses at the hands of the various defendants. In short, Plaintiff Minnie McCord was a teacher in the Fleming County School District until the termination of her employment on April 15, 2014. The termination of her employment followed an incident that occurred when she hired a student to engage in some manner of work at her home which, in turn, led to criminal allegations involving drugs, alcohol, and sex by that student on February 14, 2014. After the

1

allegations were made by the student, Minnie McCord was suspended with pay on February 17, 2014, pending an investigation of the matter, at which time she was placed under restrictions by her employer requiring her to have no contact with students, school district personnel, and to not be on school property. Eventually, she was arrested on March 4, 2014, and charged with two counts of unlawful transaction with a minor and trafficking in marijuana under 8 ounces.[1] The criminal complaint upon which this arrest was effected was taken by Jared Wagner, a trooper with the Kentucky State Police. Plaintiff Minnie McCord was arraigned on the charges in that complaint on March 6, 2014, then tried before a jury and acquitted of all charges on August 28, 2014.

Plaintiffs complain that their rights, including Minnie McCord's right to due process and Matthew McCord's right to associate with other minors, were violated by virtue of the actions undertaken by Defendants to bring about these charges, to terminate Minnie McCord's employment, and to continue both criminal and administrative process against and involving her, all in violation of 42 U.S.C. § 1983, citing a number of

---

[1] Plaintiffs allege that the alleged victim was not, in fact, a minor.

provisions of the federal constitution.[2] Plaintiffs also complain that these wrongs were perpetrated by various defendants' misuse of what Plaintiffs term "non-public information" of which Plaintiffs did not learn until March 6, 2014.[3] Plaintiffs further aver that they only learned of the entirety of the evidence used in determining whether Minnie McCord's employment should be terminated when she received it from her attorney in November 2015, during administrative proceedings related to her appeal from the termination of her employment. Those administrative proceedings involved the Kentucky Board of Education, then headed by Commissioner of Education Terry Holliday, now retired.

Defendant Robert L. Chenoweth of Chenoweth Law Office served as counsel for Defendant Board of Education of Fleming

---

[2] Plaintiffs Minnie and Matthew McCord have since filed a notice [DE 76] that they are not seeking criminal charges nor are they demanding a jury trial. They also indicate that they wish to "dismiss Kentucky State Law Claims and state this civil action is for monetary damages for the violation and deprivation of Federal Civil Rights." Accordingly, the Court limits its discussion to their federal claims brought pursuant to 42 U.S.C. § 1983. As all of Plaintiffs' claims under federal law are subject to the same analysis concerning the relevant statute of limitations, the Court sees no reason to and does not delve into the relative merits or even the particulars of Plaintiffs' claims of constitutional wrongs in this Memorandum Opinion and Order.

[3] Plaintiffs aver that they became aware of the use of information on "March 6, 2015, 2 days after the plaintiff's annual arrest date." The Court assumes, therefore, that this is typographical error and refers to March 6, 2014, two days after Minnie McCord's actual arrest date. The Court surmises that they became aware at that time of the particulars of the allegation made by the student which resulted in the criminal proceedings.

County, Kentucky, in matters against Plaintiff Minnie McCord. Plaintiffs aver that both Defendants Brian Creasman and Tom Price served as Superintendent of the Fleming County School District, that Defendant Mark Leet served as Principal of Fleming County High School, that Defendant Thomas MacDonald served as a "board of education attorney[]", and that Defendant John Price served as the county attorney for Fleming County during the relevant times and were each, in their own way, responsible for the wrongs allegedly committed against Plaintiffs in the time frame set forth above.

## II.

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133–35 (6th Cir. 1996); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

4

Rule 12(b)(5) provides that an action may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Generally, the plaintiff bears "the burden of establishing [the service's] validity." *Metro. Alloys Corp. v. State Metals Indus., Inc.,* 416 F.Supp.2d 561, 563 (E.D.Mich. 2006). Courts may look to "record evidence" and "uncontroverted affidavits" in determining whether plaintiffs have met this burden. *Id*.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is met when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not contain "detailed factual allegations," but must contain more than mere "labels and conclusions." *Id*. Put another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.

The Court first turns its attention to Plaintiffs Minnie and Matthew McCord's Motion for Summary Judgment [DE 50] with respect to fraud, which is a state law claim. In light of their Notice [DE 76], in which they seek to "dismiss Kentucky State Law Claims and state this civil action is for monetary damages for the violation and deprivation of Federal Civil Rights," this Motion is now moot and will be denied.

### IV.

Next, Defendant Terry Holliday has filed a Motion to Dismiss [DE 22] the claims against him for insufficient service of process, and Plaintiffs' have responded in their Motion to Substitute Party [DE 42].[4] Holliday served as the Commissioner of Education for the Commonwealth from August 5, 2009, to September 1, 2015, and retired on September 1, 2015. He was no longer an officer of the Commonwealth of Kentucky nor a resident of the Commonwealth of Kentucky at the time that Plaintiffs filed their Complaint on March 4, 2016, and had no office at 500 Mero Street, CPT, Frankfort, KY 40601,

---

[4] In their Motion to Substitute [DE 42], Plaintiffs clarify that their claims against Defendant Holliday in his official capacity are actually claims against his successor as the Commissioner of Education, known to the Court to be Stephen L. Pruitt. Accordingly, Pruitt is substituted, in his official capacity, for Holliday in his official capacity. However, these claims will be dismissed as they are barred by the doctrine of sovereign immunity. *See infra* Section VII.

6

where Plaintiff sought to perfect service by certified mail. Plaintiffs do not contest these facts.

As such, there was a failure of service under Fed. R. Civ. P. 4(e) because service, as attempted, did not include personal delivery to Holliday, leaving a copy at his dwelling or usual place of abode, or delivering a copy to an agent authorized by appointment or by law to receive service of process, nor did it comport with the requirements of state law, which would permit service by other means. Under Kentucky Civil Rule 4.04(8), "[s]ervice may be made upon an individual out of this state . . . by certified mail in the manner prescribed in Rule 4.01(1)(a) or by personal delivery of a copy of the summons and of the complaint . . . by a person over 18 years of age." In the absence of adequate service of process, this Court may not exercise personal jurisdiction over Holliday and the claims against him must be dismissed.[5] *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal

---

[5] The Court notes that the federal claims under 42 U.S.C. § 1983 against Defendant Holliday in his individual capacity would also be barred upon application of the statute of limitations, for the same reasons as stated elsewhere in this Memorandum Opinion and Order with respect to other Defendants. Plaintiffs' effort to suggest that Holliday's motion should be denied because of additional issues arising out of some sort of alleged whistleblower retaliation against Minnie McCord related to financial mismanagement of the Fleming County School District is conclusory and the Court considers it no further.

jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Accordingly, the claims against him will be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (5).

**V.**

Next, the Court considers Defendant John Price's Motion to Quash [DE 35], in which he affies that the summons and a copy of the Complaint were sent to his office via non-restricted delivery mail, where they were signed for by his secretary, Rhonda Hawkins. Price further affies that he has never authorized Hawkins to accept service of process on his behalf. In their response [DE 49], Plaintiffs argue that service was valid since Hawkins accepted it and that she should have refused to accept service if she was not authorized to do so. The Court agrees with Price that this is not enough and that the procedural requirement of service of summons has not been satisfied. The Court does not have personal jurisdiction over Price and the claims against him will be dismissed. *See Omni Capital Int'l*, 484 U.S. at 104; Fed. R. Civ. P. 12(b)(2) and (5).

**VI.**

The Court considers, as well, Plaintiffs Minnie and Matthew McCord's Motion for Service [DE 38] to be made pursuant to Fed. R. Civ. P. 4(c)(3) by a Marshal or Someone Specially Appointed with respect to Defendants Terry Holliday and Tom Price. Fed. R. Civ. P. 4(c)(3) provides that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Plaintiffs requested to proceed in forma pauperis in this matter under 28 U.S.C. § 1915 [DE 2], but their Motion was denied without prejudice to a further filing supported by the appropriate materials.  Plaintiffs then paid their filing fee of $400.00 instead of renewing their motion to proceed in forma pauperis, and, thus, the Court "may" order service by a United States marshal but is not obliged to do so. The court declines to do so, however, because it finds that Plaintiffs' claims are so completely devoid of merit that the Court lacks subject-matter jurisdiction to hear the claims against Holliday and Price. The claims against them in their official capacities are barred by sovereign immunity and those against them in their individual capacities are barred by operation of the statute of limitations, as explained elsewhere

9

in this Memorandum Opinion & Order. This Court therefore, upon its own motion, dismisses any further claims against Holliday, in his individual capacity, and Price, in his individual and official capacity, and will deny Plaintiffs' Motion for Service as moot. Fed. R. Civ. P. 12(b)(1) and (6).

## VII.

Defendant Jared Wagner has filed a Motion to Dismiss Plaintiffs' claims against him on a number of grounds [DE 8]. Notably, he argues that any claims against him in his official capacity as a Kentucky State Trooper are barred by sovereign immunity. With respect to any claims against him in his individual capacity under 42 U.S.C. § 1983 for malicious prosecution or other violations of Plaintiffs' federal constitutional rights, he argues that they are barred by the applicable statute of limitations.

Defendant Robert L. Chenoweth has filed a First Motion to Dismiss for Lack of Jurisdiction [DE 29] and a Motion to Dismiss in Response to Plaintiffs' Amended Summons and Reply in Support of Chenoweth Law Office's Motion to Dismiss for Lack of Jurisdiction [DE 59], arguing that the Court lacks

jurisdiction over the claims against him because they are barred by the applicable statute of limitations.[6]

Defendant Kentucky Board of Education ("KBE") has filed a Motion to Dismiss Plaintiffs' claims against it on a number of grounds [DE 21], asserting sovereign immunity under the Eleventh Amendment as an agency and instrumentality of the Commonwealth in the performance of essential governmental functions and because "neither a State nor its official acting in their official capacities are 'persons' under § 1983." *See* KRS 156.035(1), *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1981).[7] KBE argues, as well, that Plaintiffs' claims under § 1983 are time barred under the statute of limitations because their claim was filed more than a year after the termination of her employment by the Fleming County School District on April 15, 2014, and her acquittal of criminal charges on August 28, 2014. KBE argues that it is

---

[6] Defendant explains that there is no legal entity known as the Chenoweth Law Office. Rather Robert L. Chenoweth does business as Chenoweth Law Office and is the sole proprietor thereof. Robert L. Chenoweth will be substituted as the defendant in this matter. Plaintiffs Minnie and Matthew McCord have filed, pro se, have also filed a Motion to Deny Dismissal of Robert Chenoweth [DE 68], which the Court understands as a Response in opposition to Defendant Robert Chenoweth's Motions. In that Motion, understood as a response, Plaintiffs tacitly concede that Robert Chenoweth should be substituted as a party to this action. Plaintiffs have also addressed Chenoweth's first filed motion in a Response to All Defendants and Motion to Deny Dismissal [DE 48].

[7] Plaintiffs Minnie and Matthew McCord have filed, pro se, a Motion to Deny Dismissal of Defendants Kentucky Board of Education [DE 62], which the Court understands as a Response in opposition to the KBE's Motion to Dismiss.

irrelevant that the resolution of her appeal of her termination to the administrative tribunal was within one year of the filing of her initial complaint because Plaintiff asked the administrative hearing officer to dismiss her termination appeal prior to any hearing or final decision, meaning that no action was undertaken by the administrative tribunal.

The Court agrees with all of these arguments, notwithstanding Plaintiffs' objections. First, Plaintiffs' official capacity claims against Wagner and their claims against the KBE are barred by sovereign immunity. Both the Kentucky State Police and the KBE are arms of the Commonwealth of Kentucky and, thus, have sovereign immunity from claims where immunity is not waived in the absence of an exception.[8] *See* U.S. Const. amend. XI; *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that states are entitled to sovereign immunity under the Eleventh Amendment and, absent waiver, cannot be sued under § 1983); *Hall v. Med. Coll. of Oh.,* 742 F.2d 299, 301 (6th Cir. 1984) (holding that immunity extends to a public agency if "said agency or institution can be characterized as an arm or alter ego of the

---

[8] For that matter, neither the Kentucky State Police, vis à vis Wagner in his official capacity, nor KBE are a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983).

state"); *see*, *e.g.*, *Baughman v. Brooks*, Civil No. 5:15-cv-29-JMH, 2015 WL 3916150, *2 (E.D.Ky. June 25, 2015) (holding that Kentucky State Police is an alter ego of the Commonwealth of Kentucky for the purposes of sovereign immunity analysis); *J.B.F. v. Kentucky Dept. of Educ.*, 2016 WL 3167546, *6 (E.D.Ky. June 3, 2016) (holding that Kentucky Department of Education is a state agency and an arm of the state as one of Kentucky's principle governmental departments governed by the Kentucky Board of Education); KRS 156.035(c) (expressly denying any "waiver of the sovereign immunity of the Commonwealth with respect to claims against the Kentucky Board of Education, the Department of Education, or any of their respective officers, agents, or employees").

Further, all of Plaintiffs' claims under 42 U.S.C. § 1983 are subject to the Commonwealth of Kentucky's one-year statute of limitations for claims for personal injury. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Brown v. Wigginton*, 981 F.2d 913 (6th Cir. 1992); *Frisby v. Bd. of Educ. of Boyle County*, 707 S.W.2d 359 (Ky. Ct. App. 1986); KRS 413.140. The Court rejects Plaintiffs' suggestion that the five-year statute of limitations for fraud under KRS 413.120 is applicable to her cause of action for violations of 42 U.S.C. § 1983 in this case because, while she claims that some subset of Defendants withheld information

13

from her, she has averred that she was aware of the termination of her employment and the basis for the criminal proceedings (insofar as these are related) against her no later than February 2014 and March 2014, even if she was not aware of all of the details.

In the employment context, a cause of action accrues when a reasonably prudent person in the plaintiff's position would have been on notice to protect her rights. *Frisby*, 707 S.W.2d at 361; *see also Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989) (concluding a claim accrued on the date the employee received notice their employment would not be extended). Plaintiff Minnie McCord avers that she was notified by letter dated April 15, 2014, of the termination of her employment. Complaint, ¶¶ 75-77. Thus, any cause of action which Plaintiffs have which arises out of the severance of her employment accrued on that date, and the one year limitations period expired on April 15, 2015. This same period encompasses any claims which arise out of the instigation of criminal proceedings against her and her knowledge of the grounds for those proceedings, which was no later than March 6, 2014. Alternatively, even if the Court were to determine that accrual of Plaintiffs' § 1983 claims for malicious prosecution or unlawful arrest were tied to the date of her acquittal in August 2014, it is of no matter. This action was not filed until

14

March 4, 2016, well over a year after all of the events relevant to their causes of action.

While Minnie McCord asserts in the Complaint that she suffers from various psychological maladies, including attention deficit hyperactivity disorder and post-traumatic stress disorder, and suggests elsewhere that these maladies should toll her obligation to act, neither the Complaint nor any other paper in the record contains an assertion which would allow the Court to conclude that she was of "unsound mind" at the time her cause of action accrued, so as to toll the limitations period by virtue of KRS 413.170(1). *See Southeastern Kentucky Baptist Hospital, Inc. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988) (a plaintiff claiming tolling by virtue of having been of "unsound mind" must demonstrate that her condition has rendered her "incapable of managing her own affairs"); *also Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 296-97 (Ky. Ct. App. 1993) (diagnosis of post-traumatic stress disorder is insufficient to demonstrate "unsound mind"). The Court can afford her no relief by tolling the time to bring her action.

Whether or not Plaintiffs' claims against the various defendants arising out of this issue are otherwise appropriate, the Court has no jurisdiction to consider them further as the statute of limitations has expired. Plaintiff Minnie and Matthew

McCord's claims are out of time, and their claims against Defendants Wagner, in his individual capacity, and Chenoweth shall be dismissed. Fed. R. Civ. P. 12(b)(1) and (6).

## VIII.

This leaves the question of Defendants claims against Defendants Board of Education of Fleming County, Brian Creasman, Tom Price, Mark Leet, and Tom MacDonald. Plaintiffs Minnie and Matthew McCord have filed a Response and Motion to Deny Dismisal of Defendant Tom Macdonald [DE 40] and a Motion to Deny Dismissal of Defendants Board of Education of Fleming County, Brian Creasman, Tom Price and Mark Leet [DE 61], which the Court understands as responses in opposition to the Answers filed by these parties. These are not motions contemplated by the rules because the Defendants' Answers do not require a response. Nonetheless, in these filings, Plaintiffs object to Defendants' stated defense of the statute of limitations. Plaintiffs argue that the discovery rule tolls the time for filing any of their claims under 42 U.S.c. § 1983 because it was only on March 6, 2015, that Minnie McCord learned of the existence of an "exculpatory report" concerning her conduct written by the assistant principal at the high school in February 2014, which was confirmed when Minnie

16

McCord later learned that neither the report nor two audio files had not been included as part of a submission by Tom Price to the Educational Professional Standards Board at some point in 2014. It will come as no surprise that the Court disagrees and that her claims against these Defendants are barred by the one-year statute of limitations.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477 (6th Cir. 1999); *see Metzenbaum v. Nugent,* 55 Fed.App'x 729 (6th Cir. 2003) (affirming district court's *sua sponte* dismissal prior to service of process for lack of subject-matter jurisdiction where the plaintiff's claim was absolutely devoid of merit). In this instance, while the Court is acting on its own motion, Plaintiffs have had an opportunity to brief this issue several times – and have voluntarily done so with respect to these defendants – and have failed to convince the Court that the one-year limitation on claims under 42 U.S.C. § 1983 does not bar their claims. It is no different with respect to these defendants, for the reasons

17

explained in detail elsewhere in this Memorandum Opinion and Order. Fed. R. Civ. P. 12(b)(1) and (6).

## IX.

Plaintiffs Minnie and Matthew McCord have also filed a Motion to Amend Summons and Complaint[9] [DE 78], in which they seek to add a number of causes of action, most of which are state claims and others of which are new formulations of their federal claims under 42 U.S.C. § 1983. To the extent that Minnie and Matthew McCord seek leave to file a Second Amended Complaint [DE 51], which would raise a litany of new claims against these Defendants and several new defendants, it shall be denied. Subsequent to filing this Motion, Plaintiffs Minnie and Matthew McCord have asserted that they wish to pursue only federal claims [DE 76], which arise under 42 U.S.C. § 1983, and the Court concludes that it would be futile to permit amendment to permit Plaintiffs to pursue additional claims under 42 U.S.C. § 1983, as they would be barred either by sovereign immunity (for those defendants who are arms of the state) or out of time upon application of the one-year statute of limitations, as discussed elsewhere in this Memorandum Opinion and Order.

---

[9] Plaintiffs filed an earlier Motion for Leave to Amend [DE 37], with which they tendered no proposed Amended Complaint nor set forth any rationale for the proposed amendment. In light of their subsequent Motion to Amend [DE 78], which is addressed above, the earlier motion will be denied.

18

Although Plaintiffs' proposed Second Amended Complaint would aver generally that "Defendants abused their positions in their Official capacities and acting under color of law between 2011 through 2016" [DE 51-2 at 4, Page ID# 491], all of their causes of action arise out of Minnie McCord's arrest on March 4, 2014, the prosecution of that criminal matter which concluded in August 2014, the proceedings related to the termination of her employment with the Fleming County School District in the spring of 2014, her discovery of the alleged withholding of certain information from her with respect to that process in March 2014 (which was later, she claims confirmed, on March 6, 2015), and her divorce from her now ex-husband, which took place in 2013, and a number of issues arising out of the custody arrangement for her children involving her children and ex-husband which took place from 2014-2016, which are unrelated to the claims arising under federal law as best as the Court can tell. Plaintiffs also aver that they were injured, in violation of the First Amendment, when Plaintiff Minnie McCord's keys (presumably to the school where she had been employed) were seized and she was escorted off of public property in July 2014, and that they were injured by violation of the Sixth Amendment during the course of the criminal action against Minnie McCord which concluded with acquittal in August 2014.

Plaintiffs' Second Amended Complaint would aver that they were deprived of due process of law and other rights under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution until January 15, 2015, arising from her termination from Fleming County School District, but this conclusory allegation of continuing harm does not change the discovery of her cause of action from the date Minnie McCord was suspended without pay on April 1, 2014, or the termination of her employment on April 15, 2014, or even her acquittal of criminal charges in August 2014, of which the parties were aware at the time based on the averments in the various iterations of their complaint. Ultimately, each of the proposed claims under 42 U.S.C. § 1983, whatever merit they might otherwise have or lack, would be barred by application of the one-year statute of limitations. Amendment would be futile, as the claims could not survive a motion to dismiss, and leave to amend shall be denied. *See Riverview Health Inst., LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (holding that a court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss).

Accordingly, **IT IS ORDERED:**

(1)  That Defendant Jared Wagner's Motion to Dismiss [DE 8] is **GRANTED;**

(2)  That Kentucky Board of Education's Motion to Dismiss [DE 21] is **GRANTED**;

(3)  That Defendant Terry Holliday's Motion to Dismiss [DE 22] is **GRANTED**;

(4)  That Defendant Thomas MacDonald's Motion for an Extension of Time to Respond to Plaintiffs' Complaint [DE 33] is **GRANTED**;

(5)  That Defendant Thomas MacDonald's Answer [DE 32] is deemed timely filed;

(6)  That Defendant John Price's Motion to Quash Summons [DE 35] is **GRANTED**;

(7)  That Plaintiff Minnie McCord's Motion for Extension of Time to file responses to the various motions to dismiss [DE 36] is **GRANTED;**

(8)  That Plaintiffs Minnie and Matthew McCord's Motion for Leave to Amend the Summons and Complaint [DE 37] is **DENIED.**

(9)  That Plaintiffs Minnie and Matthew McCord's Motion for Service [DE 38] to be made pursuant to Fed. R. Civ. P. 4(c)(3) by a Marshal or Someone Specially Appointed is **DENIED.**

(10) That Plaintiffs Minnie and Matthew McCord's Motion to Deny Dismissal of Defendant Tom MacDonald [DE 40] is **DENIED**

**WITHOUT PREJUDICE**, as the Court understands this motion to be a response to Defendant MacDonald's Answer [DE 32], which is not a motion itself even though it states defenses in this matter.

(11) That Plaintiffs Minnie and Matthew McCord's Motion for Substitution of Parties [DE 42], understood as a motion to clarify the complaint to name Defendant Terry Holliday in his official capacity and, thus, to substitute the current Commissioner of Education as a party, is **GRANTED**.

(12) That Stephen L. Pruitt, in his official capacity as Kentucky Commissioner of Education, is substituted for Defendant Terry Holliday as a defendant in this matter.

(13) That all claims against Stephen L. Pruitt, in his official capacity as Kentucky Commissioner of Education, are **DISMISSED** for the same reasons as those claims against the Kentucky Board of Education are dismissed.

(14) That the relief requested in Plaintiffs Minnie and Matthew McCord's Motion to Deny Quash [DE 49] regarding the Summons on John Price is **DENIED**;

(15) That Plaintiffs Minnie and Matthew McCord's Motion for Summary Judgment [DE 50] is **DENIED AS MOOT**;

(16) That, upon the Court's own Motion and as suggested in the pleadings of the parties, Robert L. Chenoweth is **SUBSTITUTED** for Defendant Chenoweth Law Office;

(17) That Defendant Robert L. Chenoweth's First Motion to Dismiss for Lack of Jurisdiction [DE 29] and Motion to Dismiss in Response to Plaintiffs' Amended Summons and Reply in Support of Chenoweth Law Office's Motion to Dismiss for Lack of Jurisdiction [DE 59] are **GRANTED**;

(18) That Plaintiffs Minnie and Matthew McCord's Motion for Extension of Time Due to Excusable Neglect for the filing of their response to the Motion to Quash, other responses, and their amended summons and complaint [DE 51] is **GRANTED IN PART** and **DENIED IN PART**;

(19) That Minnie and Matthew McCord's responses to the various motions are deemed timely filed.

(20) That the relief requested in Plaintiffs Minnie and Matthew McCord's Motion to Deny Dismissal of Defendant Board of Education of Fleming County, Defendant Brian Creasman, Defendant Tom Price and Defendant Mark Leet [DE 61] is **DENIED**;

(21) That the relief requested in Plaintiffs Minnie and Matthew McCord's Motion to Deny Dismissal of Defendants Kentucky Board of Education [DE 62] is **DENIED**;

(22) That the relief requested in Plaintiffs Minnie and Matthew McCord's Motion to Deny Dismissal of Robert Chenoweth [DE 63] is **DENIED;**

23

(23) That the relief requested in Plaintiffs Minnie and Matthew McCord's Notice [DE 76], to dismiss any pending state law claims and to pursue only federal claims, is **GRANTED**;

(24) That all claims arising against any defendants in this matter under Kentucky law are **DISMISSED**.

(25) That Plaintiffs Minnie and Matthew McCord's Motion to Amend Summons and Complaint [DE 78] is **DENIED.**

**IT IS FURTHER ORDERED:**

(26) That Plaintiffs Minnie and Matthew McCord's request for relief in their "Notice FRCP 5.1 Constitutional Challenge to a Statute" [DE 47], that the Court notify the appropriate attorney general that a statute has been questioned, is **DENIED**, as Plaintiffs have raised claims claiming and seeking relief for alleged violations of federal constitutional law by a variety of defendants but have not challenged the constitutionality of any statute in the various iterations of their complaint.

This the 31st day of March, 2017.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge